Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
NORTHERN District of OHIO

_____ Division

**FILED**
**OCT 06 2020**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

Case No. 5:20CV2246
*(to be filled in by the Clerk's Office)*

LEILA CRUZ

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

AKRON POLICE DEPARTMENT

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Jury Trial: *(check one)* ☒ Yes ☐ No

**JUDGE PEARSON**

**MAGISTRATE JUDGE HENDERSON**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non–Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | LEILA CRUZ |
| Address | 10911 W 63RD PL #101 |
| | ARVADA, CO 80004 |
| | *City / State / Zip Code* |
| County | JEFFERSON |
| Telephone Number | 8165085056 |
| E-Mail Address | BH80004@GMAIL.COM |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | AKRON POLICE DEPARTMENT |
| Job or Title *(if known)* | |
| Address | 217 S HIGH STREET |
| | AKRON, OH |
| | *City / State / Zip Code* |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☐ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Alpha Phi Alpha Homes, Inc. |
| Job or Title *(if known)* | |
| Address | 662 Wolf Ledges Pky. |
| | AKRON, OH 44311 |
| | *City / State / Zip Code* |
| County | |
| Telephone Number | (330) 376-8787 |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

      Defendant No. 3
          Name    _____
          Job or Title *(if known)*    _____
          Address    _____
                       *City*      *State*      *Zip Code*
          County    _____
          Telephone Number    _____
          E-Mail Address *(if known)*    _____

          ☐ Individual capacity    ☐ Official capacity

      Defendant No. 4
          Name    _____
          Job or Title *(if known)*    _____
          Address    _____
                       *City*      *State*      *Zip Code*
          County    _____
          Telephone Number    _____
          E-Mail Address *(if known)*    _____

          ☐ Individual capacity    ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

    A.    Are you bringing suit against *(check all that apply)*:

          ☐ Federal officials (a *Bivens* claim)

          ☐ State or local officials (a § 1983 claim)

    B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

          _____

    C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

    D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

> AKRON POLICE DEPARTMENT CONDUCTED ILLEGAL EVICTION, DISCRIMINATED ON THE BASIS OF GENDER RACE AND DISABILITY. NEGLIGENCE OF SAFETY OF MINOR CHILD DEPRIVATION OF CUSTODY RIGHTS, ALPHA PHI ALPHA HOMES VIOLATED ADA AND VAWA THEY ARE SUBCONTRACTORS FOR HUD ADMINISTERING FEDERALLY ASSISTED HOUSING.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.    Where did the events giving rise to your claim(s) occur?

> 706 Fleming Dr. Apt. #A
> Akron, Ohio 44311

    B.    What date and approximate time did the events giving rise to your claim(s) occur?

> 08/01/2018 to 10/2019

    C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

see attached statement

IV. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Loss of custody rights, endangerment of child, unlawful eviction and deprivation of federally assisted housing, forcing children and Plaintiff to sleep in a vehicle depriving them of access to their home, clothing, adaptive disability equipment and life sustaining medications.

V. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

13 million Dollars

, Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

13 Million Dollars

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/27/20

Signature of Plaintiff *(signed)*
Printed Name of Plaintiff  LEILA CRUZ

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

|  |  |
|---|---|
| Address | _____ |
|  | _____  _____  _____ |
|  | *City*           *State*   *Zip Code* |
| Telephone Number | _____ |
| E-mail Address | _____ |

## LEILA CRUZ VS. AKRON POLICE DEPARTMENT ET AL
## STATEMENT TO ACCOMPANY CIVIL COMPLAINT

1. August 2019 Plaintiff was contacted by relatives, school officials and Edna Copeland (temporary guardian of step-son XB) requesting that she and her family leave their home in Cypress, CA to come to Akron OH because her step-son XB who has developmental and psychiatric disabilities was having a psychotic break and was suicidal. Plaintiff ended her teaching contracts and travelled to Akron, OH to the home of her mother in law Edna Copeland . Plaintiff was originally going to stay in an extended stay motel room but upon arrival discovered Edna Copeland was not taking her psychiatric medication and the child was being kept in squalid conditions with no food in the house. Edna Copeland had stopped the child from taking his prescribed psychiatric medication, removed the child from school and was forcing the child to be a live in care attendant. The child reported that Edna Copeland was depriving him of all socialization with his natural mother and siblings and that she had been beating the child, starving the child, selling his food stamps and forcing him to do inappropriate activities related to caring for her where he was exposed to Copelands genitals and private areas. Bothe Copeland and the child were sleeping on bed bug and mold infested mattresses with no food, toiletries, laundry or body soap and garbage piled to the ceiling blocking safe exit in case of fire or emergency.

2. Plaintiff purchased safe clean mattresses, arranged to have the apartment cleaned so that the couch and eating area were sanitary and at lease one window was available so the child could get out in case of fire or emergency and bought food for the child. Plaintiff attempted to assertain what Copeland had done with the child's food stamps and public assistance and to help the family create a proper budget.
2/a. Plaintiff contacted Alpha Phi Alpha homes due to sewage and human waster flooding into the apartmet, the air conditioner not working properly and to assertain why the company had not contacted Plaintiff and her husband to report to horrid conditions in the apartment or that the child was being locked in his room and deprived of his education and socialization with his mother and siblings. When the child's older brother attempted to get the apartment complex to make appropriate repairs the manager falsely accused him of being involced in burglaries and banned him from the property to stop him from advocating for better housing conditions. Plaintiff informed APA Homes staff she was staying with her mother in law and child for at least the next 6 months, that the toilet and shower spewing feces and urine from the upper floors and other fire hazads must be repaired. Plaintiff asked the manager to provide accessible format forms for her to be added to the lease or apply for a larger unit to accommodate all of the family members. Manager failed to comply with HUD ADA regulations and did not provide the accessible forms.

3. Plaintiff is a professional social worker, mandated reporter and disability management specialist. Plaintiff made it clear she had no choice but to report the abuse and neglect to Ohio Job and family Services Child Protective Services Hotline.

4. Plaintiff informed Edna Copeland that she was going to take the minor child with the family to safer conditions. Copeland then asked Plaintiff and her husband to move into her apartment to care for she and the child and to advocate for the child to have his school bus transportation restored and creat special education IEP and get theraputic services in place to help the child who was still suicidal.

5. After the family was in the unit serveral weeks, the child's food assistance and public cash assistance was paid out to Edna Copeland. Plaintiff and her husband demanded to know where the funds were and create a budget because Copeland was refusing to buy food for the child and forcing him to eat "meals on wheels" once a day instead of providing a balanced diet for the child with his own food assistance,

Page **2** of **3**
## LEILA CRUZ VS. AKRON POLICE DEPARTMENT ET AL
### STATEMENT TO ACCOMPANY CIVIL COMPLAINT

Copeland was also asking Plaintiff to buy food, clothing, toiletries, and other necessities for the 2nd month in a row when the child's a SNAP food assistance and public assistance cash payments should have been used to provide for the child. Plaintiff and her husband are required by law to reimburse the state of OH for the cash welfare payments Edna Copeland receives for the child and expressed that they were not going to break the law and give her cash that she was not reporting to her public assistance worker and pay the state back for cash public assistance Copeland was receiving for the child. Plaintiff expressed concern that Copeland had been getting welfare for the child for over 14 years but had not purchased a decent bed for the child out of those funds and was refusing to make a food budget to ensure the child could eat every day. **Edna Copeland retaliated Plaintiff for making the mandated report by charging at her and attempting to physically attach Plaintiff, the child XB tried to stop Copeland from attacking the legally blind Plaintiff and Copeland retaliated against the child by physically attacking him in front of Plaintiff, her husband and the Plaintiff's children. The Plaintiff's children recorded the attack on their cell phones. Copeland assaulted Plaintiff's husband and the minor child XB with her fists , elbows and feet.**

6. Copeland started calling the police in Plaintiff and her children trying to have them illegally removed from the apartment. Plaintiffs children were registered in public school at the apartment address, Plaintiffs children and stepson XB informed the APD officers she was a resident in the apartment and Copeland admitted she asked Plaintiff and her husband to come to Akron and live with her or she was going to put the child back in foster care because Copeland could not cope with her own psychiatric issues and properly supervise the minor child XB. Plaintiff showed the officers the beds she had purchased, that she and her children had a bedroom they were sleeping in and that she had mail at the address and had established residency. The Legal Aid Society of OH also sent a attorney to the apartment who provided Violence Against Women Act and HUD housing regulations along with the local eviction regulations-prohibiting Akron Police from illegally evicting Plaintiff, her children and husband from the apartment.

7. HUD Violence against women act regulations prohibit housing managers, police and other authorities from evicting victims of violence and require the person committing the violence to be "excluded" from the household and removed. Instead of following these regulations both Alpha Phi Alpha Homes and Akron Police Department illegally evicted Plaintiff, her spouse and their children. No shelter space was available for the family thus they were literally left out on the street, Copeland could keep the family's food, toiletries, identification and birth certificates, confidential family court paperwork and life sustaining asthma and diabetes medications. Akron PD failed to arrest Copeland for Domestic Violence and id not have her taken in for emergency psychiatric treatment after Plaintiff and her son requested she be transported to local emergency room so the treating psychiatrist could put her back on her medication and she would be a danger to herself or others.

8. Plaintiff and her husband advised APD officers there was no food in the house for the child and only the food purchased for the physician prescribed diet for their children. Plaintiff and her husband informed Akron PD officers that Copeland is literally on SSDI for psychiatric issues and had been refusing to take her medication, acting out violently and refusing to allow the child to take his psychiatric medications. Plaintiff also reminded the responding officers they are mandated reporters and asked them to help her ensure Summit County Child Protective Services would follow up to ensure the child

was safe by making the required mandated reports. Akron PD officers nor the supervisor called to the scene made the mandated reports. All of the officers on scene were shown the video recording of Edna Copeland attacking the child and Plaintiff's husband.

9. Plaintiff and two of her children have chronic health conditions and disabilities. Plaintiff asked the Aloha Phi Alpha homes manager and the responding APD officers to consider these facts and allow her to stay with the children in their home as reasonable accommodation under ADA and the Violence Against Women Act HUD regulations because the apartment is a federally assisted housing unit and those protections supersede Copeland's anger because her attempt to extort the disabled Plaintiff for her social security income had failed. APD and Alpha Phi Alpha homes employees refused to follow the ADA and VAWA regulations protecting the Plaintiff, her husband and her children.

10. Edna Copeland called several violent felons to the scene including Shawn K McCoy and Kristie Harrison who were both on parole/probation for felony drug charges and have serious history of family violence. APD officers did not arrest Shawn McCoy or Kristie Harrison when they took a key to the apartment from Copeland and forcibly entered the dwelling without permission of the tenants, made threats to kill and attack tenants and the legal aid attorney who was on the scene. The apartment manager also request APD intervention when Shawn McCoy verbally abused and threatened her.

11. Shawm McCoy and Kristie Harrison told APD officers they were supposed to be the state approved "caretakers" for Copeland and the child XB. Plaintiff, XB's father who shares custody with Copeland informed APD officers that both Copeland and Harrison had lost custody of their own children for selling drugs/heroin in the home with the children present and they were violent with one another and that XB's father had never given Copeland permission to have the two violent drug addicts around his child or to be unsupervised with his child.

12. Plaintiff asked APD to arrest Shawn McCoy and Kristie Harrison for elder abuse, exploitation and neglect as Copeland was babbling and stating that her son had taken her money from her and broken her things in a violent rage. Copeland also told Akron PD officers on the scene that Shawn McCoy had used her name in connection with a stolen vehicle causing Copeland to be arrested for unlawful entrustment and did not tell the court Copeland was mentally ill/disabled.

13. Shawn McCoy and Kristie Harrison both claimed they had supposedly been "caretakers" to Copeland but did not ensure there was food in the house, did not get a bed for Copeland who was sleeping on a mold and bed bug infested couch cushion insert on the floor or go and get food when they knew the child XB was being starved and forced to eat a "meals on wheels" tray once per day and not being taken for his therapy or getting his medication. Akron PD did not make a proper police report about Copeland being abused, neglected or exploited by Shawn McCoy and Kristie Harrison. Akron PD would not allow Plaintiff and her husband to take the disabled child XB to hotel or to get evaluation medication and therapy even after Edna Copeland/temporary caretaker repeatedly stated she did not want the child anymore because he was threatening to kill himself. Plaintiff and her children were illegally evicted from the family federally assisted housing unit and forced to leave the apartment/their home as was Plaintiff's husband (biological father of child XB).