PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEILA CRUZ, | ) | |
| | ) | CASE NO. 5:20CV2246 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| AKRON POLICE DEPT., *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

Plaintiff filed an Application to Proceed *In Forma Pauperis* (ECF No. 2).  For the

following reasons, that Application is denied.

Pursuant to 28 U.S.C. § 1915, this Court "may authorize the commencement,

prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein,

without prepayment of fees or security therefor, by a person who submits an affidavit that

includes a statement of all assets such [person] possesses that the person is unable to pay such

fees or give security therefor."  28 U.S.C. § 1915(a)(1).  "[P]auper status does not require

absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed. App'x. 239,

240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc*, 865 F.2d

22, 23 (2nd Cir. 1988).  Rather, "the question is whether the court costs can be paid without

undue hardship." *Foster*, 21 Fed. App'x. at 240.  It is within the Court's discretion whether to

allow a litigant to proceed *in forma pauperis* ("IFP"). *Id.*

In determining eligibility to proceed IFP, courts look to the applicant's employment

(5:20CV2246)

status, annual salary, and any property or assets the applicant may possess.  *See Schneller v. Prospect Park Nursing & Rehab*. Ctr., 2006 WL 1030284, at *1 (E.D.Pa. Apr.18, 2006).  In addition to salary from employment, federal courts have considered disability income in assessing whether an applicant can pay court costs without undue hardship.  *See e.g. Whatley v. Astrue*, 2011 WL 5222908 at * 1-2 (N.D.N.Y. Oct. 14. 2011); *Guerra v. Jones*, 2008 WL 1805823 at * 2 (N.D. N.Y. April 18, 2008).

In this instance, Plaintiff has failed to demonstrate she cannot pay court costs without undue hardship.  Plaintiff's IFP Application shows that she received an average of $14,685 each month in disability, self employment income and public assistance during the past twelve months, which equates to an annual income of $176,220.00.  ECF No. 2 at PageID #: 19-20.  She reports monthly expenses in the amount of $2,295.00, in addition to the $1,600 she spends each month to support her four children.  *Id*. at PageID #: 21-22.  She indicates she owns her own business in which she goes into the homes of disabled clients to help them develop skills to remain in their own homes.  *Id*. at PageID #: 22.  She contends that the COVID-19 pandemic has hurt her business as she is unable to go into her clients's homes.  *Id.*  However, in light of the fact Plaintiff reports a monthly income in excess of $14,000, she has not demonstrated to the Court that she meets the criteria of poverty.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is denied.  This action is dismissed without prejudice.  Plaintiff may reopen this action within thirty days of the date of this Order by first paying the full filing fee of $405.00 and then filing a Motion to Reopen.  The Court will not accept the Motion to Reopen or any other Motion unless

2

(5:20CV2246)

the full filing fee is first paid.   The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith.


      IT IS SO ORDERED.

    <u>   March 5, 2021   </u>                     <u>   */s/ Benita Y. Pearson*        </u>
Date                                          Benita Y. Pearson
                                          United States District Judge